IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:22-CV-184-BO

| | |
|---|---|
| THE RESOURCE ROOM SI, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DERIC BORRERO, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion to stay discovery pending resolution of Defendant's motion to dismiss. [DE-21]. Plaintiff opposes the motion. [DE-24]. For the reasons that follow, Defendant's motion is denied.

Defendant seeks a stay of discovery pending resolution of his motion to dismiss, which asserts that the court lacks personal jurisdiction over Defendant, this district is not the proper venue for this matter, and the action should be dismissed or alternatively transferred to the Eastern District of New York where venue is proper. [DE-14]. Plaintiff opposes the motion to stay and contends that state court matters pending in New York lack overlapping claims or parties with this action, no discovery has occurred in the New York actions, Defendant has significant contacts with North Carolina, and the place of discovery will not change whether the case is litigated in this court or in New York. [DE-24].

Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue an order limiting or staying discovery. Specifically, a court has discretion to stay discovery until pending dispositive motions are resolved. *See Yongo v. Nationwide Affinity Ins. Co. of Am.*, No. 5:07-CV-94-D, 2008 WL 516744, at *2 (E.D.N.C. Feb. 25, 2008). In certain cases, a stay of discovery may

be appropriate to prevent a waste of time and resources by the parties and to make efficient use of judicial resources. *United States v. A.T. Massey Coal Co.*, No. 2:07-0299, 2007 WL 3051449, at *2 (S.D. W. Va. Oct. 18, 2007). "Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion." *Yongo*, 2008 WL 516744, at *2 (quoting *Tilley v. United States*, 270 F. Supp. 2d 731, 735 (M.D.N.C. 2003)).

Here, the balance of factors weighs against staying discovery. While the motion to dismiss may result in dismissal of Plaintiff's claims, Defendant concedes that venue is proper in New York. [DE-14] at 16–17. When a case is filed in an improper venue, the court must dismiss the case or, if in the interests of justice, transfer it to a district in which it could have been brought. 28 U.S.C. § 1406(a). "A court need not have personal jurisdiction over a defendant to transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a)." *Taylor v. City & Cnty. of Honolulu*, No. 7:16-CV-410-D, 2017 WL 3526660, at *3 (E.D.N.C. Aug. 16, 2017) (citation omitted). Thus, even assuming the court finds the case was filed in an improper venue, the likely outcome would be transfer rather than dismissal. Plaintiff acknowledges that, regardless of venue, Defendant's deposition would take place in New York where he resides. Allowing discovery to proceed at this time poses minimal risk of prejudice to Defendant, while the passage of time may impede Plaintiff's ability to acquire evidence. Accordingly, the motion to stay is denied, and the court will enter a separate scheduling order.

SO ORDERED, the 9 day of September, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge